# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2 | Case No. 1:06-cv-00532 |
| | District Judge Christopher A. Boyko |
| Plaintiff | |
| vs. | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| Antionette T. Dial aka Antionette Dial, et al. | |
| Defendants. | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on the motion of Plaintiff Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment upon the Note and against David B. Dial, Sr. aka David Dial personally as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Antionette T. Dial aka Antionette Dial and
    b. David B. Dial, Sr. aka David Dial;

2. The Clerk's Entry of Default was filed herein on May 23, 2006.

The Court therefore grants Plaintiff's Motion for Default Judgment with respect to such

defendants.

The Court finds that Antoinette T. Dial executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Antoinette T. Dial executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default.

The Court further finds that there is due on the Note principal in the amount of $75,761.69, with interest at the rate of 8.4 percent per annum from July 1, 2005. The Court notes that all personal obligations of Antoinette T. Dial on the Note have been discharged under the United States Bankruptcy Code. As a result, the Court does not grant personal judgment against Antoinette T. Dial.

The mortgage constitutes a valid and subsisting lien upon the following described premises (the "Property"):

> Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio, and knowing as being Sublot No. 58 in the Union Heights Subdivision of part of Original 100 Acre Lot No. 450, as shown by the recorded plat in Volume 43 of Maps, page 20 of Cuyahoga County Records, and being 40 feet front on the Easterly side of East 106th Street, and extending back between parallel lines 117 feet deep, as appears by said plat, be the same more or less, but subject to all legal highways.

Parcel Number: 135-08-035

Commonly known as: 3597 East 106th Street, Cleveland, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on January 12, 2005, and recorded as Instrument Number 200501140069 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on August 21, 2006 as Instrument Number 200608210109 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendants-titleholders foreclosed.

The Court finds that defendant Plymouth Park Tax Services, LLC claims some right, title, interest, or lien upon the premises described herein, and has set forth its claims in its pleadings filed herein.

The Court makes no finding as to the right, title, interest, or lien of said defendant as set forth in its pleadings filed herein, except to note that such right, title, interest or lien of the above named defendant is hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action and taxes due and payable.

**IT IS THEREFORE ORDERED,** that unless the sums hereinabove found to be due to Plaintiff Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendants-titleholders in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the Master Commissioner, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Master Commissioner shall report his proceedings to this Court.

**ORDERED FURTHER,** that the Master Commissioner shall send counsel for the party

requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the Master Commissioner's Sale.

2. To answering defendant Plymouth Park Tax Services, LLC, the sum of $516.99, together with interest at the rate of 18% per annum and a Treasurer's Fee of $192.60.

3. To the plaintiff Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2, the sum of $75,761.69, with interest at the rate of 8.4 percent per annum from July 1, 2005.

4. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

5. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Because Plaintiff holds a valid and subsisting lien, junior only to real estate taxes and the lien of defendant Plymouth Park Tax Services, LLC, if it is the successful bidder at the Master Commissioner's sale, Plaintiff shall not be required to make a deposit at the time of sale.

Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

There is no just reason for delay in entering Judgment as aforesaid.

**IT IS SO ORDERED.**

DATE: 12/21/06

*Christopher A. Boyko*
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

G:\Cases - TM\06-02692\mdj-061204-KW.WPD